IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANDRE ALEXANDER,

        Plaintiff,

v.                                        Civil Action No. 2:13cv213

SOUTHEASTERN WHOLESALE CORP.,
t/a Bay Auto Wholesale, et al,

        Defendants.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT OF DEFENDANT JASON D. ADAMS, INC.

### Overview of Plaintiff's Case

This case is about the intentional misrepresentation of the mileage on a previously repossessed 2003 Dodge Ram truck that actually had over 100,000 more miles on it than disclosed by the "remote seller" Jason D. Adams, Inc., t/a Autos By Choice ("Autos By Choice") ("the remote seller") to SOUTHEASTERN WHOLESALE CORP., t/a Bay Auto Wholesale (Bay Auto Wholesale), the "direct seller" of the truck to the plaintiff. On or about August 17, 2010 the truck was sold by an individual for James Carswell, a private owner, to Mark W. Lux (Mr. Lux), an agent and employee of the remote seller Autos By Choice, for $6000.00. (Exhibit 2 to the Second Amended Complaint). Autos By Choice knew or should have known the vehicle's odometer reading was not the actual mileage due to the seller's failure to provide a proper or completed odometer disclosure form, the absence of any title to the vehicle, the condition of the truck and, as alleged in the Second Amended Complaint ("Complaint 3"), a vehicle history report from Carfax that it had ordered that showed the truck had been driven

69,723 miles as of October, 2008. (Complaint ¶¶ 7-13). In spite of this knowledge, on August 19, 2010 Mark W. Lux, for Autos By Choice, sold the vehicle to Bay Auto Wholesale for $9,100.00 and signed an odometer disclosure statement that the odometer reading of 29,586 was the actual mileage to the best of his knowledge. (Complaint 3, ¶14, and Exhibit 2 to Complaint). On August 27, 2010 Bay Auto Wholesale ordered its own Carfax Vehicle History Report that disclosed an odometer discrepancy yet it failed to inform the plaintiff about the odometer discrepancy when it sold the vehicle to him for almost $14,000.00 or $8000.00 more than the $6000.00 it was sold for about a week earlier. (Complaint ¶¶18, 19, 21-23).

In June, 2011, plaintiff decided to trade the truck into another dealership, Impex Auto Sales, which obtained its own Carfax Vehicle History Report on June 18, 2011, after which it informed plaintiff that the odometer reading was incorrect and required him to take the truck back. It was at this time that the plaintiff discovered the misrepresentation of Bay Auto Wholesale. This lawsuit was filed on April 22, 2013 which is within two years of this discovery. (See the Impex Auto Sales Carfax Vehicle History Report attached as Exhibit 5 to the Second Amended Complaint and see ¶ 26).

This case reveals how dealers make significant profits on vehicles whose odometers have been rolled back, a problem that continues to exist despite Congress's efforts in passing the Motor Vehicle Information and Costs Savings Act (the Odometer Act), the purpose of which is

to prevent odometer tampering and to protect purchasers from the sale of vehicles with altered or reset odometers. 40 U.S.C §32701.

Bay Auto Wholesale has recently indicated that it is out of business and its counsel will file a Motion to Withdraw as counsel.

I.     STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

A Rule 12(b)(6) motion to should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); see also *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id*. (citation omitted), to one that is "plausible on its face," *id*. at 570, rather than "conceivable." *Id*. In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

A court determines plausibility by undertaking a "context-specific task" drawing on "judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). In doing so, a court may evaluate which allegations are "entitled to the assumption of truth" because they are supported by factual allegations, and which allegations should be treated as legal conclusions. *Id*. at 1950. Only after distinguishing the well-pleaded facts from legal conclusions may the Court determine which factual allegations support a "plausible claim for relief." *Id*. " A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949.

Fraud claims are subject to a heightened pleading standard. Federal Rule of Civil Procedure 9(b) requires that a party "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co*., 176 F.3d 776, 784 (4th Cir. 1999) (*quoting* 5 Wright and Miller, Federal Practice and Procedure § 1297, at 590 (2d ed. 1990)).

## II.  DISCUSSION

### A. The Statute of Limitations Under the Federal Odometer Act Accrues When the Plaintiff Discovered or Should Have Discovered the Violations, not When a Prior Party in the Vehicle's Chain of Title Discovered or Should have Discovered the Violation.

The statute of limitations applicable to the claims for violations of the Odometer Act will apply a two year period from the date of accrual. 49 U.S.C. §3710(b). The federal "discovery rule" provides that the two years begins to run when the alleged fraud is discovered by the <u>plaintiff</u> or should have been discovered by the exercise of reasonable diligence. *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) ("[W]here a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part, the bar of

5

the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party'."). The discovery rule places the burden on the plaintiff "to prove that he acted with due diligence and yet did not discover the fraud or mistake until within the statutory period of limitation immediately preceding the commencement of the action." *Hughes v. Foley*, 203 Va. 904, 128 S.E.2d 261, 263 (Va. 1962). To comply with the requirement of due diligence, the plaintiff must use "[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances." Id.; *Virginia Imports, Inc. v. Kirin Brewery of Am., LLC*, 296 F. Supp. 2d 691, 699 (E.D. Va. 2003); Virginia Code §8.01-249 (1).

1. <u>Autos By Choice cannot escape liability via by arguing that the plaintiff was negligent or should have known that the Odometer Disclosure was false since this defense provides no protection to a seller who fraudulently induces a sale.</u>

Auto By Choice's argument that the plaintiff should have noticed the conditions about the car that indicated that the vehicle actually had over 100,000 more miles than was on the odometer, is a question of fact. In ¶ 8 of the Second Amended Complaint the plaintiff alleges, "As part of its inspection, Auto By Choice, necessarily would or should have noticed that the truck's engine and other parts indicated that it clearly had more than the 29,580 miles that were apparently on the odometer at that time." However, in order to make its argument that if the defendant should have known about these problems, so should have the plaintiff, Auto by Choice

misleadingly alters the allegation to something that was never alleged in hopes the Court will not notice that it changes the words of the plaintiff's claim. On page 2 of its Memorandum in Support, Autos By Choice claims the plaintiff alleges, "that the truck was in such an obvious state of disrepair that a casual pre-purchase inspection 'would or should have' placed the defendants on notice..."   Nowhere in the Second Amended Complaint was such a claim made and this Court should be aware of the tactics of this defendant.

Whether a non-professional purchaser like the plaintiff was not diligent in noticing the problems that a professional vehicle buyer like Autos By Choice noticed or should have noticed, is a question of fact for this court or a jury at a later time in this litigation.

In determining the plaintiff's diligence, a factor for this court or the jury in this case to take into account is the defendants' actions in diverting his attention from any significant inspection of the vehicle by its misrepresentations that the odometer reading was actual mileage. The court in *Boykin v. Hermitage Realty , et al*., 234 Va. 30, 360 S.E. 2d 177, 178 (1987) stated:

> [[I]n Virginia, one cannot, by fraud and deceit, induce another to enter into a contract to his disadvantage, then escape liability by saying that the party to whom the misrepresentation was made was negligent in failing to learn the truth.';
> *Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 631, 331 S.E.2d 490, 492 (1985).

2. <u>The statute of limitations for odometer fraud will accrue when the plaintiff discovered or should have discovered the fraud rather than when any potential plaintiff discovered or should have discovered the fraud.</u>

A second issue raised by Autos By Choice under the Odometer Act count is whether the two year limitations period begins to run as to all potential plaintiffs as soon as any potential plaintiff discovers or constructively discovers that the Odometer Act has been violated or whether the limitations period begins to run as against a potential plaintiff only when that plaintiff (and not a prior owner) discovers or constructively discovers a violation.

Most federal and state courts that have addressed the issue have determined that because actions arising under the Odometer Act involve allegations of fraud, courts will employ the federal "discovery rule", and accrual occurs when <u>the</u> plaintiff discovered or reasonably should have discovered the odometer violation. *Carrasco v. Fiore Enters.,* 985 F. Supp. 931 (D.Ariz.1997)*; John Watson Chevrolet, Inc. v. Willis*, 890 F. Supp. 1004 (D. Utah 1995) (statute begins to run only when this plaintiff, and not any prior purchaser, has reason to know of the violation); *Att'y Gen. of Maryland v. Dickson*, 717 F. Supp. 1090 (D. Md. 1989) (the attorney general's action could include violations occurring more than two years prior to suit – although certain state officials knew of the tampering earlier, the attorney general's office did not, and others' knowledge would not be imputed to the attorney general), *appeal dismissed*, 914 F.2d 247 (4th Cir. 1990); *Freet v. A.J. Auto Sales, Inc,*.725 N.E. 2d 955( Ill. Ct App. 2000).

The only case Autos By Choice provides that supports its argument is *Byrne v. Autohaus on Edens, Inc.*, 488 F. Supp. 276 (D. Ill. 1980). On this issue *Byrne* was specifically analyzed and disagreed with by the courts in the *Carrasco, John Watson,* and *Att'y Gen. of Maryland* cases, as well as the Illinois Court Of Appeals in the *Freet* case. In rejecting the analysis of the *Byrne* court the cases cited above generally recognize that the purpose of the Odometer Act is to punish odometer tamperers and to reward purchasers who discover such tampering and bring it to the attention of the federal courts. *Stier Park Pontiac, Inc.,* 391 F. Supp. 397, 401 (S.D.W.Va.1975). And, as noted by the Court in *Carrasco*:

> If Plaintiffs cannot recover against each wrongdoer in the chain of title, each wrongdoer will be immune from liability. *See Stier,* 391 F. Supp. at 401 (wrongdoer estopped from suing owner who transferred to him). This result would be anomalous in light of the Act's purpose to reward the purchaser who reports a violation and to punish any seller who sells a vehicle with the intent to defraud.
>
> Similarly, to adopt the *Byrne* rule governing the accrual date of the cause of action would be to permit one wrongdoer, by discovering a fraud and failing to report it, to insulate another wrongdoer from liability by running the statute of limitations against him. Consider the following example:
>
> In 1990 A sells a vehicle to B, falsely stating that the odometer reading is accurate. B discovers the truth and sells to C in 1993, also falsely representing the true mileage. C never discovers the true mileage or the false statement and sells to D in 1994. D discovers the true mileage. D's cause of action against B would begin to run when D discovered the true mileage, and thus would not be time-barred if brought within two years of D's discovery. D's cause of action against A, however, would be time-barred because of B's discovery in 1991.
>
> This result would undermine the purpose of the statute, because it would allow the actions of a wrongdoer, B, to immunize A by running the statute of limitations against him long before D ever purchases the car and suffers the harm for which he seeks recovery. Though D might recover his damages from B, A would never be punished. Worse yet, if

> D did not discover the true mileage until 1996, he would have no cause of action because C, from whom D purchased the vehicle, is not liable, and the statute of limitations had run against all previous owners.

*Carrasco*, 985 F. Supp. at 939.

Remote Odometer Act violators like Autos By Choice should not be able to escape liability if the company it sold the vehicle to, Bay Auto Wholesale, fails to report its discovery of Autos By Choice's odometer misrepresentations and plaintiff fails to discover the fraud before two years has run from the date of sale to Bay Auto Wholesale.

The Second Amended Complaint alleges that the plaintiff discovered the odometer fraud when he was notified of the odometer discrepancy by Impex Auto Sales, the purchasing dealer he tried to sell the vehicle to in late June or early July, 2011. (¶ 26 of the Second Amended Complaint). Plaintiff filed suit in this court on April 22, 2013 which is within two years of his discovery of the fraud and thus the lawsuit was timely filed.

### B. This Court Should Follow Courts From Around the Country that hold that the Odometer Act Does Not Preempt State Law Claims of Fraud

Case law from federal and state courts from all over the country are inconsistent with or reject Auto By Choice's argument that the remedial and liberally construed Odometer Act preempts state common law fraud claims or state consumer protection statutes such as the Virginia Consumer Protection Act. Defendant cites *Perez v. Z Frank Oldsmobile, Inc*., 223 F. 3d 617 (7th Cir. 2000) in support. This Seventh Circuit decision predicted that Ill. Courts would interpret the Illinois odometer statute as establishing the maximum punitive damage award on a

common law fraud claim for an odometer rollback. The Court did not specifically address the issue whether the Odometer Act preempts common law fraud claim for punitive damages and limited its holding to the prediction noted above. Furthermore, the court's opinion is clear that the cap does not apply to other forms of automobile fraud. This puts it is in the absurd position of allowing punitive damages when the dealer misrepresents the number of prior users or commits some other fraud, but prohibiting them when the dealer engages in odometer fraud. The state odometer statute is obviously a legislative expression of the seriousness of odometer fraud, not a legislative attempt to protect odometer spinners from punitive damages. The *Perez* court's logic was inconsistent with Illinois state court decisions, which have uniform ally found no cap on punitive damages for odometer fraud. *Accord Montague v. Heater*, 836 F.2d 422 (8th Cir. 1988); *Verdonck v. Scopes*, 226 Ill. App. 484, 590 N.E. 2d 545 (1992); *Wildstein v. Tru Motors, Inc.*, 227 N.J. Super. 331, 547 A. 2d 340 (Super. Ct. Law Div. 1988); *see also Edgar v. Fred Jones Lincoln-Mercury*, 524 F. 2d 162, 165-166 (10th Cir. 1975);.*Mayberry v. Sai*d, 927 F. Supp. 1456 (D. Kan. 1996); *Tague v. Molitor Motor Co.*, 487, N.E. 2d 436 (Ill. App. Ct. 1985).; *Smith v. Walt Bennett Ford, Inc.*, 864 S.W. 2d 817 (Ark. 1993); *Bill Terry's Inc. v. Atl. Motor Sales, Inc.*, 409 S. 2d 507 (Fla. Dist. Ct. App. 1982*); State ex rel. McLeod v. Fritz Waidner Sport Cars, Inc.*, 263 S.E. 2d 384 (S.C. 1980) (fed. odometer law does not preempt claim under state consumer protection statute); *Williams v. Fin. Plaza, Inc.,*78 S.W. 3d 175 (Mo. Ct. App. 2002) (fraud and federal odometer law remedies are alternative and concurrent; plaintiff may submit both to the

11

jury but then must choose one recovery); *Freeman v. Myers*, 774 S.W. 2d 892 (Mo. Ct. App. 1989) (do not have to elect between federal odometer statute and common law fraud before submitting to the jury). Another federal court in Illinois refused to follow the *Perez* rationale, since it claimed it was too early to dismiss the claims and noted that *Perez* was concerned with multiple remedies not multiple claims and that the 12(b)(6) stage was a premature stage to throw out these claims. *Strohmaier, v. Yemm Chevrolet, et al*, 211 F.Supp.2d 1036, 1041 (D N.D. Ill. 2001).

  C. **The Virginia Consumer Protection Act Count is Sufficiently Pled**

    **1.** <u>Whether plaintiff failed to use due diligence in discovering that the odometer disclosure was false is a decision that would be premature at this juncture.</u>

The argument by Autos By Choice that the statute of limitations for the Virginia Consumer Protection Act (VCPA) claim accrued more than two years prior to the filing of this action should be denied since such a decision at this juncture is premature.

In order to determine when the VCPA cause of action accrues the plaintiff, "[Is] entitled to a full and fair hearing so that, from all the evidence and reasonable inferences deducible therefrom, a fact finder, whether judge or jury, may determine when (the plaintiff) discovered the alleged fraud, or by the exercise of due diligence ought to have discovered it." *Gilmore v. Basic Industries, Inc. et al*, 233 Va. 485, 490; 357 S.E. 2d 514, 517 (1987).

 Whether the condition of the car was so obvious that the plaintiff, a non-expert

consumer, should have known the odometer disclosure from Bay Auto Wholesale was false is an issue either for this court on summary judgment or for the jury after a review of evidence, and is not one this court should make until it or the jury has heard the evidence relevant to the facts of this case. Only after the introduction of this evidence, can a judge or jury decide if this plaintiff failed to use due diligence in failing to discover the misrepresentations of the defendants.

> 2. <u>Auto By Choice violated the Virginia Consumer Protection Act since its misrepresentation of the mileage to Bay Auto Wholesale was a fraudulent practice committed in connection with a consumer transaction.</u>

Autos By Choice's argument that it is not liable under the VCPA since its dealings with Bay Auto Wholesale was not a "consumer transaction" under the VCPA is an issue that several federal courts in Virginia have rejected. Most recently, The United States District Court For The Western District Of Virginia, Lynchburg Division ruled on this exact issue, and with facts almost identical to those for that case at bar. *Branin v. TMC Enterprises, LLC d/b/a J.D. Byrider, et al.*, 832 F. Supp. 2d 646, 649-651 (2011). The *Branin c*ourt recognized that the VCPA is a remedial statute that is to be liberally construed to effectuate its purpose of promoting fair and ethical standards of dealings between suppliers and the consuming public. To effectuate the statute's purpose it read the VCPA's language to intend that remote sellers be "suppliers" and that sales between a wholesaler and an interim dealer that sells to a consumer are sales "in connection with" a

13

"consumer transaction", as those terms are defined under this statute. Thus, in Branin, the vehicle wholesaler that committed the fraud in the sale of the vehicle to the direct seller that passed the misrepresentation onto the consumer victim, was a "supplier" and was liable under the VCPA for the fraud that facilitate the continuing fraud in the consumer transaction. Id.; *Harris v. Universal Ford and Ford Motor Credit*, 2001 U.S. Dist. LEXIS 8913, No. 3:00-cv-693, 2001 U.S. Dist. LEXIS 8913, at *3-4, (E.D. Va. Feb. 5, 2001; *Blount v. Greenbrier Pontiac Oldsmobile -- GMC Trucks Kia, Inc*., No. 3:08-cv-622, 2009 U.S. Dist. LEXIS 69117, at *17-18, 2009 WL 2431587 (E.D. Va. Aug. 7, 2009); See *Merriman v. Auto Excellence, Inc*., 55 Va. Cir. 330 (2001).

Under the VCPA Autos By Choice is a "supplier" that is alleged to have misrepresented the vehicle's mileage as accurate to Bay Auto Wholesale. This misrepresentation initially provided "cover" for Bay Auto Wholesale's own fraud and facilitated its similar misrepresentation to the plaintiff in a consumer transaction. Under the rationale of the *Branin* decision, Auto By Choice's misrepresentation about the odometer to Bay Auto Wholesale which sold the truck to the consumer/plaintiff, is a misrepresentation made "in connection with" a consumer transaction. Thus plaintiff has alleged facts sufficient to state all the elements of the VCPA count alleged in the Complaint.

14

### D. The Facts Alleged Are Sufficient To State A Claim For Fraud

To state a claim under the fraud count, plaintiff must allege (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Winn v. Aleda Construction Co.*, 227 Va. 304, 315 S.E.2d 193 (1984). The Second Amended Complaint identifies Mark W. Lux as the employee of the Auto By Choice who intentionally misrepresented the mileage to Bay Auto Wholesale in order to mislead and that the plaintiff relied on the misrepresentations of the defendants, and was damaged. The Second Amended Complaint further alleges that both defendants knew or should have known that consumers would rely on their representations about the mileage in deciding whether to purchase the vehicle. Second Amended Complaint ¶ 31. Plaintiff also alleges detrimental reliance. Such allegations should withstand a motion to dismiss.

1. **Plaintiff's Fraud Claim Does Not Require Direct Misrepresentations Between Autos By Choice and Plaintiff.**

Auto By Choice's argument that it never made any direct representations to Plaintiff upon which Plaintiff could rely and therefore it cannot be guilty of fraud is <u>not</u> an issue of first impression in this court or many others. It is the identical argument made by defendants in other cases where a remote seller was sued by for its fraud by a victim it was not in privity with nor with whom it had any direct dealings, and it was alleged that those misrepresentations of fact, or the absence of them, was relied upon by the ultimate victim of this chain of fraud. The most recent

15

federal case involving Virginia law is the *Branin v. TMC Enterprises D/B/A J.D. Byrider, et al*, *supra* (when Byrider sold the car to Zac's Auto, it knew or should have known that the car was likely to be resold to a consumer for personal use and that its false certification of the mileage in the car's title would figure importantly in the resale transaction.)(citing *Harris v. Universal Ford and Ford Motor Credit, supra,* and the Virginia cases of *Mortarino v. Consultant Engineering Services,* 251 Va. 289, 467 S.E.2d 778 (1996); *Eubank v. Ford Motor Credit Co.,* 54 Va. Cir. 170 (Va. Cir. Ct. 2000); *and Eubank v. Ford Motor Credit Co.,* 54 Va. Cir. 172 (Va. Cir. Ct. 2001). *See footnote 1 below.* *Contra, Blount v. Greenbriar Pontiac Oldsmobile,* Civil Action No. 3:08cv622, 2009 U.S. Dist. LEXIS 7393 (E.D. Va., 2009).

---

1 Many other cases and authorities hold for the same proposition - *Pelster v. Ray*, 987 F.2d 514, 523 (1993); *Learjet Corp v Spenlinhauer*, 901 F2d 198 (1st Cir 1990) (where original seller fails to make an affirmative disclosures that it should make, it can be held liable to ultimate purchaser). *Carter v. Chrysler Corp. and Chrysler Credit*, 743 So.2d 456 (Ala. Civ. App. 1998). In Carter, the court held that Defendants'' use of a middleman auction did not insulate them from liability for re-selling a vehicle which was fraudulently described by defendants as having not been in an accident. The Court cited Prosser to hold that defendants are liable, for its false representations, to "those whom a defendant intends, for his own purposes, to reach and influence by the representation; to those members of a group or class that the defendant has special reason to expect to be influenced by the representation." Id. at 461; quoting W. Prosser, Misrepresentation and Third Persons, 19 Vand. L. Rev. 231, 254 (1966).; *Clark v. McDaniel*, 546 N.W.2d 590 (Iowa 1996), a concealment case, the Iowa Supreme Court recognized that the defendant was an experienced car salesman which had reason to expect the initial buyer would pass the misrepresentations to third parties. Id. at 593. The Court also noted that the fraudulent car sale is the classic case for imposing liability to a third party purchaser:

> "It is difficult to conceive of a commodity that is any more likely to involve knowledge by a seller that there is an especial likelihood that a misrepresentation will reach third persons and will influence their conduct than in the case of a motor vehicle. It is reasonable to charge a seller, especially a dealer in vehicles, with knowledge that his buyer will pass along information to a second buyer that has been provided by the original seller concerning such significant matters as "clipping" and as to the model year of the vehicle…… We believe that in this case these third-party buyers have satisfied the requirements of

As noted by the cases cited in support above, when Autos By Choice sold the truck to Bay Auto Wholesale, as alleged in the Second Amended Complaint, it knew or should have known that the vehicle was likely to be resold to a consumer for personal use and knew that its false certification of the mileage in the truck's title would be an important fact in the resale of the truck. Auto By Choice's representations gave Bay Auto Wholesale the confidence that it could certify that the odometer's mileage was accurate without discovery of its knowledge of the false odometer reading, received from its own Carfax Report. Thus, it was able to sell the vehicle for almost $14,000.00, or almost $8000.00 more than what the truck sold for to Autos By Choice only a week earlier.

### E. The Federal Rules Of Civil Procedure Do Not Require An Ad Damnum Clause

---

Restatement section 533, which we here adopt, in order to establish liability of the original seller. Other jurisdictions support this view." Id. at 593-4; citing *Pelster v. Ray*, 987 F.2d at 523*; Schnell v. Gustafson*, 638 P.2d 850, 852 (Colo. App. 1981) ("the fact that the [defendants] did not sell directly to [plaintiffs] should not insulate them from liability for their failure to disclose this latent defect……");

37 Am. Jur., Fraud and Deceit, § 307 states:

One who willfully makes false representations which are to be fraudulently used by another as an inducement to a third person to enter into a contract with the person repeating them is as much guilty of deceit as the latter and is equally liable to the party deceived. The right to recover for fraud or deceit is not restricted to the parties to a transaction, but extends to third parties injured thereby.

17

Autos By Choice argues the lack of an ad damnum clause in the prayer for relief for plaintiff's state law claims requires this court to dismiss them. First, even if this court were to agree with this defendant, the court should permit an amendment to do so. However, such an amendment is not necessary since the rules of this court do not require it. Federal Rule of Civil Procedure 1 states, "These govern procedure in all civil actions and proceedings in the United States District Courts." And even FRCP 81 [c], applicable to removed actions, states that the procedural rules shall apply to those state claims as well once they are removed.

Defendant's argument, if true, would require litigants to abide by state procedural rules for pendent state claims and follow the federal rules for any federal claims, and would make litigating in federal courts a nightmare since there would be a different sets of procedural rules for various claims depending on which state the pendent claims stem from. In multi-party federal litigation, with state claims from various states, such a rule would be an undue burden on the courts, the clerks, the judges and the parties' lawyers assigned with the task of following and enforcing the various rules. Autos By Choice cites no federal case law or rule supporting its argument since, quite understandably, it is believed there is none.

### F. CONCLUSION

For the reasons stated above the Court should deny the Motion To Dismiss Second Amended Complaint, or in the alternative permit an amendment to the Complaint to permit an ad damnum if it is deemed necessary.

Respectfully Submitted,

**ANDRE ALEXANDER,**

/s/ John Cole Gayle, Jr.
John Cole Gayle, Jr.
VSB No. 18833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 (Fax)
jgayle@theconsumerlawgroup.com

Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of August, 2013, a copy of the foregoing was sent by ECF and mail to:

>J. Brian Donnelly, Esquire
>J. Brian Donnelly, P.C.
>621 Lynnhaven Parkway, Suite 350
>Virginia Beach, VA 23452
>Donnelly@ppldlaw.com
>Counsel for Defendant, Southeastern Wholesale Corp., t/a Bay Auto Wholesale

>And

>William T. Lehner, Esquire
>W. Hunter Old, Esquire
>KAUFMAN & CANOLES, P.C.
>P. O. Box 6000
>Williamsburg, VA 23188
>whold@kaufcan.com
>Counsel for Defendant, Jason D. Adams, Inc., d/b/a Autos By Choice

>/s/ John Cole Gayle, Jr.
>John Cole Gayle, Jr.
>Virginia State Bar #18833
>The Consumer Law Group, P.C.
>Of counsel to Plaintiff
>5905 West Broad Street, Suite 303
>Richmond Virginia 23230
>804 282-7900
>804 673-0316 Fax
>jgayle@theconsumerlawgroup.com