**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

ANDRE ALEXANDER,

      Plaintiff,

v.                                                                Action No. 2:13cv213

SOUTHEASTERN WHOLESALE CORP.,

      Bay Auto.

## REPORT & RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Default Judgment in favor of Plaintiff, Andre Alexander, and against Bay Auto, Southeastern Wholesale Corp, d/b/a Bay Auto Wholesale ("Bay Auto"). Plaintiff filed this Motion for Default Judgment on December 12, 2013. ECF No. 58. On December 18, 2013, the matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. ECF No. 62. Pursuant to Federal Rule of Civil Procedure 55(b), Bay Auto having failed to appear, plead, or otherwise defend the instant action, the Court RECOMMENDS that Plaintiff's motion be GRANTED and damages be awarded.

## I. PROCEDURAL HISTORY

Plaintiff filed this suit on April 22, 2013 against Defendants Bay Auto and Jason D. Adams, Inc. ("Adams").[1] ECF No. 1. On July 8, 2013, Plaintiff filed an amended complaint.

---

[1] Plaintiff stipulated to a dismissal of his claim against Adams pursuant to a settlement agreement on December 20, 2013. ECF No. 66.

ECF No. 33. On July 30, 2013, Plaintiff filed a second amended complaint. ECF No. 44. On August 26, 2013, Bay Auto's counsel, J. Brian Donnelly, Esq., filed a motion to withdraw on the grounds that he had been discharged. ECF No. 48. The motion was referred to the undersigned on August 27, 2013, and a hearing was held on September 6, 2013, ECF No. 51, after which the undersigned granted Mr. Donnelly's motion to withdraw. ECF No. 55.

On September 11, 2013, Joseph C. Brown, Jr., Bay Auto's President, submitted a letter with this Court on Bay Auto's behalf. ECF No. 52. This letter consists of a handwritten note on a copy of the letter in which Mr. Brown letter discharged Mr. Donnelly. *Id.* The note effectively offers the contents of the letter as Bay Auto's Answer to Plaintiff's Second Amended Complaint. *Id.* Plaintiff filed the instant Motion for Default Judgment and Damages on December 12, 2013. ECF No. 58. The motion was assigned to the undersigned on December 18, 2013. On December 23, 2013, Mr. Brown submitted another letter on Bay Auto's behalf in response to Plaintiff's motion. ECF No. 67. On December 30, 2013, Mr. Brown submitted a third letter on Bay Auto's behalf requesting an evidentiary hearing on damages. ECF No. 68. Mr. Brown's letters were entered subject to defect and not considered to be responsive pleadings because Bay Auto is a corporation and a corporation must be represented by licensed counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

On January 7, 2014, Bay Auto was ordered to correct the defects in its purported pleadings within thirty days or have the documents stricken from the record. ECF No. 70. Thirty days have elapsed and Bay Auto has not corrected the defects in its pleadings. Therefore, Bay Auto has not appeared, pled, or otherwise defended the instant action in any way cognizable by

this Court. Plaintiff's Motion for Default Judgment and Damages is now ripe for decision.

## II. JURISDICTION AND VENUE

Based on the facts of this case, the Court holds both subject matter jurisdiction over the case and personal jurisdiction over the defendant. Similarly, venue is proper.

### A. Subject Matter Jurisdiction

A federal district court has subject matter jurisdiction over claims that arise from federal law. 28 U.S.C. § 1331 (2012). Plaintiff's first cause of action arises under the Motor Vehicle Information and Cost Savings Act of 1976 ("the Odometer Act") as amended and recodified at 49 U.S.C. Section 32701. Pl.'s 2d Am. Compl., at 1. Because this cause of action arises under a federal statute, this Court holds proper subject matter jurisdiction.

A federal district court has supplemental subject matter jurisdiction over state law claims that are part of the same case or controversy as claims over which it holds original jurisdiction under 28 U.S.C. Section 1331. 28 U.S.C. § 1367(a) (2012). Plaintiff's third and fourth causes of action arise under the Virginia Consumer Protection Act (VCPA) of 1977, Va. Code § 59.1-196 *et seq.* (2013), and Virginia common law, respectively.[2] Because each of these causes of action arises from the same transaction as Plaintiff's federal Odometer Act cause of action, this Court holds proper supplemental jurisdiction.

### B. Personal Jurisdiction

Personal jurisdiction over a defendant is established when a defendant has sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" *Int'l Shoe Co. v. Washington*, 326 U.S.

---

[2] Plaintiff has stipulated to the dismissal of his second cause of action. Pl.'s Mem. in Supp. of Mot. for Default J., 8 (hereinafter "Pl.'s Mem.").

310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1941)), and when the defendant is subject to the personal jurisdiction of the courts of general jurisdiction of the forum state. *See* Fed. R. Civ. P. 4(k)(1)(A). Additionally, there must be "effective service of process" to provide this Court with personal jurisdiction. *See Int'l Shoe Co.*, 326 U.S. at 316-17.

The statutory and constitutional requirements for personal jurisdiction are satisfied here. Bay Auto is a commercial business located in Virginia Beach, Virginia, 2d Am. Compl., ¶ 2, and it therefore has sufficient contact with the forum state, and is subject to the jurisdiction of Virginia courts of general jurisdiction. *See* Va. Code § 8.01-328.1. Service of process was also proper. The Federal Rules of Civil Procedure permit service of process in accordance with the laws of the forum state. Fed. R. Civ. P. 4(e)(1) & (h)(1). Virginia designates "[a] corporation's registered agent [as] the corporation's agent for service of process." Va. Code § 13.1-637 (2001). Plaintiff's private process server served Bay Auto's registered agent on May 2, 2013, in Virginia Beach, Virginia. ECF No. 5. Accordingly, this Court has personal jurisdiction over Bay Auto.

### C. Venue

Venue is proper in this district. Venue is proper in a district when the defendant resides in the district; or when "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b) (2012). Bay Auto's registered address is in Virginia Beach and a substantial part of the events giving rise to the claim occurred there. Accordingly, venue is proper.

### III. FINDINGS OF FACT

1.   On August 24, 2010, Plaintiff agreed to purchase a 2003 Dodge Ram Pickup from Bay Auto for $13,375.00. Pl.'s 2d Am. Compl., ¶ 18, ECF No. 44.

2.   At the time of the purchase, Bay Auto certified that the vehicle's odometer reading of

29,586 miles was the actual mileage on the vehicle to the best of its knowledge. Pl.'s 2d Am. Compl., ¶¶ 17, 20, ECF No. 44.

3. Before the vehicle purchase became final, Bay Auto requested a vehicle history report on the vehicle from CARFAX. Pl.'s 2d Am. Compl., ¶ 22, ECF No. 44.

4. A subsequent CARFAX vehicle report on the vehicle, obtained in mid-2011, revealed that the vehicle's actual mileage at the time of Plaintiff's purchase was substantially more than 29,586. Ex. A to Pl.'s Mem., at 3, ECF No. 59-1.

5. The vehicle's actual mileage at the time of sale was approximately 105,000. Ex. B to Pl.'s Mem., ECF No. 59-2.

6. The vehicle's fair market value at this mileage was $9,500.00. Ex. B to Pl.'s Mem., ECF No. 59-2.

## IV. DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure requires an entry of default against a defendant who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." The Clerk properly entered a default against the defendant in this case as the defendant failed to respond to the complaint within the twenty-one days allowed by Rule 12 of the Federal Rules of Civil Procedure. ECF No. 56.

Upon default, the facts alleged in the complaint are deemed admitted. *See, e.g., Airlines Reporting Corp. v. Sarrion Travel, Inc.*, 846 F.Supp. 2d 533, 535 (E.D. Va. 2012); *Globalsantafe Corp. v. Globalsantafe.Com*, 250 F.Supp. 2d 610, 612 n.3 (E.D. Va. 2003). Conclusions of law are not deemed admitted, and therefore, the Court must "determine whether the well-pleaded allegations in [the] complaint support the relief sought in this action." *Ryan v. Homecoming Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

The Federal Rules require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Recent Supreme Court decisions, however, mandate that a well-pleaded complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Simple "legal conclusion[s] . . . [are] not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 555).

Plaintiff has moved for default judgment on three of the four causes of action he brought in his Second Amended Complaint. These are (A) that Bay Auto violated the Odometer Act with intent to defraud him; (B) that Bay Auto willfully violated the VCPA by misrepresenting the vehicle's mileage and condition, by misusing the word "wholesale" in its name, and by failing to disclose that the vehicle had previously been repossessed; and (C) that Bay Auto defrauded him. The Plaintiff has alleged sufficient facts to state a facially plausible claim to relief for each of these causes of action. Accordingly, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED in its entirety.

**A. Default Judgment on Plaintiff's First Cause of Action, Violation of the Odometer Act.**

Plaintiff argues that he is entitled to relief under 42 U.S.C. Section 32705(a), which prohibits a vehicle transferor from making a false statement to the transferee regarding the vehicle's mileage. Section 32710 of the Odometer Act provides a private cause of action against a transferor who violates Section 32705's disclosure requirement "with intent to defraud." A transferor need not have actual knowledge of an odometer discrepancy to have intent to defraud: it is enough if the transferor had constructive knowledge of or recklessly disregarded an

6

inaccurate odometer reading and did not disclose it. *Oettinger v. Lakeview Motors, Inc.*, 675 F. Supp. 1488, 1493 (E.D. Va. 1988) (citing *Ryan v. Edwards*, 592 F.2d 756, 762 (4th Cir. 1979)); *see also Tripp v. Charlie Falk Auto*, 2001 WL 1105132, *4 (E.D.Va. 2001) (citing *Kline v. Nations Bank of Virginia, N.A.*, 886 F.Supp. 1285, 1286 (E.D.Va. 1995)) (holding that plaintiff must also show that he reasonably relied on the false odometer disclosure).

In *Oettinger v. Lakeview Motors, Inc.*, the plaintiff purchased a vehicle from the defendant dealer with an odometer reading of 40,141 miles. 675 F. Supp. at 1490. The defendant certified in its odometer disclosure statement that this reading was correct to the best of its knowledge. *Id.* However, there were a number of discrepancies with the mileages recorded on the vehicle's title that signaled that this reading might be false and, in fact, the vehicle's actual mileage was approximately 75,000 miles. *Id.* at 1491-92. The court held that these discrepancies imposed duty of further inquiry on the defendant to investigate the vehicle's true mileage and, if the defendant could not determine the true mileage, a duty to disclose to the plaintiff that the true mileage was unknown. *Id.* at 1493. Because the defendant neither investigated the vehicle's true mileage nor disclosed its ignorance of the vehicle's true mileage to the plaintiff the court held that it acted with intent to defraud. *Id.; see also Blount v. Greenbrier Pontiac Oldsmobile-GMC Trucks Kia, Inc.*, 3:08-cv-622, 2009 WL 2431587 (E.D. Va. Aug. 7, 2009) (holding that the transferred vehicle's VIN and odometer discrepancies were enough to impose a duty of further inquiry on dealer). *But see Nelson v. Cowles Ford Inc.*, 77 F. App'x 637, 641 (4th Cir. 2003) (holding that the mere fact that the transferred vehicle originated in Canada was not enough to impose a duty of further inquiry).

Here, Plaintiff has alleged sufficient facts to permit an inference that Bay Auto violated

the Odometer Act with intent to defraud him.[3] Just as in *Oettinger*, Bay Auto here provided Plaintiff with an odometer disclosure statement attesting that the vehicle's indicated mileage was correct to the best of its knowledge, even though it had reason to believe that the odometer might not be accurate. To his allegation that this is so, Plaintiff pleads that (1) Bay Auto requested a CARFAX vehicle history report on the vehicle, Pl.'s 2d Am. Compl. ¶¶ 16, 22-23; and (2) the vehicle's age and condition were inconsistent with the odometer reading, Pl.'s 2d Am. Compl. ¶ 15. These facts are sufficient to support an inference that Bay Auto knew or should have known the odometer reading was inaccurate.

Therefore, like the defendant in *Oettinger*, Bay Auto was under a duty of further inquiry to investigate the vehicle's true mileage and, if it could not find the true mileage, to disclose to Plaintiff that the vehicle's true mileage was unknown. When it disregarded its duty of further inquiry and affirmatively claimed that the vehicle's odometer reading was accurate, it acted with reckless disregard for that inaccuracy. This is enough to find that Bay Auto acted with intent to defraud Plaintiff. Accordingly, the Court recommends that Plaintiff's Motion for Default Judgment on his Odometer Act claim be GRANTED.

**B. Default Judgment on Plaintiff's Third Cause of Action, Violation of the Virginia Consumer Protection Act.**

Plaintiff also contends that he is entitled to relief under the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-196 *et seq.* (2013), because the vehicle purchase was a "consumer transaction" for the purposes of VCPA in which Bay Auto (1) misrepresented the mileage of the vehicle; (2) fraudulently claimed to be a wholesale dealer; and (3) failed to disclose that the vehicle had been previously repossessed. 2d Am. Compl. ¶ 43, ECF No. 44. VCPA prohibits,

---

[3] The District Court already determined that Plaintiff alleged sufficient facts to support an inference that Plaintiff reasonably relied on Bay Auto's false odometer disclosure. ECF No. 57.

*inter alia*, misrepresentations by a supplier with respect to goods' characteristics, quality, or history of repossession, § 59.1-200(5)-(7); use of the word "wholesale" by suppliers not "actually engaged primarily in selling at wholesale," § 59.1-200(12); and "any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction," § 59.1-200(14). Plaintiff has pled sufficient facts to show that Bay Auto violated each of these prohibitions. The Court therefore recommends that Plaintiff's Motion for Default Judgment on his third cause of action be GRANTED.

### C. Default Judgment for Plaintiff's Fourth Cause of Action, Fraud.

Finally, Plaintiff alleges that he is entitled to recover for actual fraud under Virginia common law. To prevail on a common law fraud claim, the plaintiff must show "by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *State Farm Mut. Auto. Ins. Co. v. Remley*, 618 S.E.2d 316 (Va. 2005). Plaintiff has pled sufficient facts to show that Bay Auto intentionally misrepresented to Plaintiff that the vehicle's odometer was accurate; that this was a material fact; that Plaintiff reasonably relied on this representation; and that he suffered damage as a result. Accordingly, the Court recommends that Plaintiff's Motion for Default Judgment on his fourth cause of action be GRANTED.

### V. RELIEF TO BE GRANTED

Default Judgment does not automatically grant the relief sought in the complaint, but the relief granted cannot exceed the amount demanded in the pleadings. *See* Fed. R. Civ. P. 54(c). Plaintiff seeks statutory damages equal to the greater of $10,000 or treble his actual damages for his first cause of action, the greater of $1,000 or treble his actual damages for his third cause of

action, and his actual damages for his fourth cause of action. Pl.'s Mem. at 7-9, ECF No. 59. Additionally, he seeks punitive damages of up to $350,000 for his fourth cause of action. *Id.* at 10. Finally, he seeks attorneys' fees and costs that were not already paid out of his settlement with Defendant Adams. The Court RECOMMENDS that Plaintiff be awarded damages in the amount of $11,625.00, attorney's fees in the amount of $11,343.00, and costs in the amount of $475.00, for a total recovery of $23,443.00.

### A. Damages for Plaintiff's First Cause of Action, Violation of the Odometer Act

Plaintiff's actual damages were $3,875.00. Actual damages for an intent-to-defraud violation of the Odometer Act are the difference in price between what the plaintiff actually paid for the vehicle and the actual fair market value of the vehicle based on its accurate mileage, "plus any expenses shown to be attributable to the wrongful acts of the defendant." *Oettinger*, 675 F. Supp. at 1496. Plaintiff has offered sufficient evidence to establish that the fair market value of the vehicle at the time of purchase was $9,500.00 and that he paid $13,375.00 to purchase it. The difference between these figures is $3,875.00.

Plaintiff contends that his actual damages were $12,815.79 because he incurred a number of expenses in addition to the value difference as a result of Bay Auto's violation of the Odometer Act. Pl.'s Mot. for Default J., at 2, ECF No. 58. First, he alleges that the vehicle's gas mileage was so poor that he was "forced to purchase a substitute vehicle." Pl.'s Mem, ¶ 13, ECF No. 59. He purchased a 2006 Harley-Davidson Sportster 1200C motorcycle for $5,000. Ex. D to Pl.'s Mem., ECF No. 59-9. He also asks the Court to award him $125.00 for the tuition to a motorcycle safety course he took. Pl.'s Mem., ¶ 14, ECF No. 59-4. Second, he alleges that he had to replace the vehicle's tires and that this repair would not have been necessary if the vehicle only had the 29,586 miles indicated on its odometer, Pl.'s Mem. ¶ 14, at a cost of $832.94, Ex.

D-3 to Pl.'s Mem., ECF No. 59-7. Third, he asks that he be compensated for the cost of several rental vehicles that he used. Pl.'s Mem, ¶ 14. Finally, he argues that he should be compensated for the difference between the interest he paid on his vehicle loan and what he would have paid on a loan to purchase the vehicle at fair market value. Pl.'s Mem., ¶ 14.

While a Court may award damages for additional expenses shown to be attributable to Bay Auto's violation of the Odometer Act, Plaintiff has not pled sufficient facts to support an inference that his additional expenses are attributable to Bay Auto's conduct. First, he makes a conclusory statement that he could not use the vehicle because of its "poor gas mileage", but does not allege that, based on the false odometer reading, he expected the vehicle's gas mileage to be better than it was. Nor does he allege that, but for the vehicle's unexpectedly poor gas mileage, he would not have purchased his Harley-Davidson. He also does not explain why he chose a motorcycle as his replacement vehicle, necessitating the additional cost of the safety course.

Second, Plaintiff's claim that he would not have had to replace the tires if the vehicle's indicated mileage was accurate is mere speculation. Plaintiff does not offer any facts about representations by Bay Auto regarding the condition of the tires, the actual condition of the vehicle's tires, or what prompted his decision to replace them. He offers nothing that could support an inference that the cost of replacement tires was attributable to Bay Auto's conduct. Third, he offers no facts indicating that his vehicle rental charges were in any way connected to Bay Auto's conduct, beyond his conclusory statement that he incurred "rental charges". Finally, his allegation that he paid more interest on his loan than he would have with a lower fair market value purchase price seems reasonable, but he does not provide the Court with what this lower amount would have been.

Accordingly, the Court finds that Plaintiff's actual damages were $3,875.00. The Odometer Act provides that prevailing plaintiffs are entitled to the greater of $10,000 or treble their actual damages. 49 U.S.C. § 32710(a). Three times Plaintiff's actual damages is $11,625.00. Because this is greater than $10,000, the Court RECOMMENDS that Plaintiff be awarded $11,625.00 for Bay Auto's violation of the Odometer Act.

**B. Damages for Plaintiff's Third and Fourth Causes of Action, Violation of the Virginia Consumer Protection Act and Fraud.**

Plaintiff is not entitled to any additional award for his VCPA or fraud causes of action because they arise from the same facts, duties, and injury as does his Odometer Act claim. Plaintiff cites *Wilkins v. Penninsula Motor Cars, Inc.*, 587 S.E.2d 581 (Va. 2003), for the proposition that he need not choose between his Odometer Act and VCPA causes of action. Pl.'s Mem., at 2. To the extent that *Wilkins* shows he is entitled to bring alternative causes of action, Plaintiff is correct. However, *Wilkins* does not stand for the proposition that a plaintiff may receive multiple recoveries on separate causes of action arising from the same injury. *Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454, 460 (4th Cir. 2011) (holding that federal statutory and state tort causes of action arising from the same alleged wrong could be brought in the alternative, but that they would not support a double recovery) (citing *Wilkins*, 587 S.E.2d at 583).

With respect to his VCPA cause of action, Plaintiff alleges separate injuries from Bay Auto's misuse of the word "wholesale" and failure to disclose that the vehicle had been previously repossessed, both violations of the VCPA. Pl.'s Mem., at 2. The VCPA creates a private cause of action for such violations for "[a]ny person who *suffers loss* as the result of a violation." Va. Code Ann. § 59.1-204 (West, 2013) (emphasis added). There is no private cause

12

of action for a violation of the VCPA where the plaintiff suffers no compensable loss as a result of the violation. *See, e.g., Cooper v. GGGR Investments, LLC*, 334 B.R. 179, 189 (E.D. Va. 2005) ("[A] private claimant . . . is not entitled to damages, either actual or statutory, unless he can demonstrate loss caused by the unlawful practice[.]"). Plaintiff has not alleged that he suffered any loss resulting from Bay Auto's misuse of the word "wholesale" or its failure to disclose the vehicle's history of repossession. Instead, he attributes the entire amount of his actual damages to each of his separate causes of action in the alternative. *See* Pl.'s Mot. for Default J., at 2, ECF No. 58. Plaintiff therefore has no cause of action for the "wholesale" and repossession violations. Plaintiff's only remaining VCPA cause of action, for Bay Auto's misrepresentation of the vehicle's mileage and condition, relies on the same facts and duties as Plaintiff's Odometer Act cause of action, so an award for that cause of action would give Plaintiff a double recover. Accordingly, the Court RECOMMENDS that Plaintiff receive no additional award for his third cause of action, violation of the VCPA.

Plaintiff is similarly not entitled to an additional award on his fraud cause of action. That claim rests exclusively on the same facts and duties as Plaintiff's Odometer Act cause of action, and therefore any additional award on the basis of Bay Auto's fraudulent conduct would give Plaintiff a double recovery. Notwithstanding this, Plaintiff argues that he is entitled to punitive damages on the fraud cause of action because Bay Auto's conduct was "sufficient to permit a conclusion that it was so reckless or negligent as to evince a conscious disregard of the plaintiff's rights . . . [and] criminal indifference to civil obligations." Pl.'s Mem., at 9, ECF No. 59 (citing *Jordan v. Suave and Koons Ford*, 247 S.E.2d 739, 741 (Va. 1978)). Even if Bay Auto's conduct rose to meet this high standard, however, the Court need not decide the issue.

Plaintiff points out that the treble damages provisions in both the Odometer Act and the

VCPA are punitive. Pl.'s Mem., at 10. The Court agrees: an "award of treble damages . . . is sufficient to further the purposes of a punitive damages award." *Reynolds v. Reliable Transmissions, Inc.*, 3:09-cv-238, 2010 WL 2640065 (E.D. Va. June 29, 2010) (holding that the VCPA's treble damages award is equivalent to punitive damages). Because the Court has already recommended treble damages for Bay Auto's intent to defraud violation of the Odometer Act, an award of punitive damages under Virginia common law would give Plaintiff a double recovery. Accordingly, the Court RECOMMENDS that Plaintiff receive no additional award for his fraud cause of action.

### C. Attorneys' Fees and Costs.

Plaintiff is entitled to his requested reasonable attorneys' fees and costs associated with filing suit: $11,343.00 and $475.00, respectively. Plaintiffs who prevail in Odometer Act actions are entitled to recover costs and "a reasonable attorney's fee." 49 U.S.C. § 32710(b) (2012). The Court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In deciding whether the prevailing attorney's hours and rate are reasonable, the Court is guided by twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

In determining the lodestar figure, the Court need not address all of these factors in detail. *Dollar Tree Stores, Inc. v. Norcor Bolingbrook Assocs., LLC*, 699 F. Supp. 2d 766, 768 (E.D. Va. 2009). The Court "must exclude any hours that are 'excessive, redundant, or otherwise unnecessary,' as such hours are not reasonably expended on the litigation." *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 709 (E.D. Va. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Likewise, the Court excludes any hours which are not documented with "sufficient detail that a neutral judge can make a fair evaluation of the time expended[.]" *Hensley*, 461 U.S. at 441.

The Court looks to the "prevailing market rate" in the district to determine whether the prevailing party's requested rate is reasonable. *Project Vote*, 887 F. Supp. 2d at 710. The prevailing party may meet its burden of showing that its requested rate is reasonable, *inter alia*, "through affidavits from disinterested counsel[.]" *Id.* After calculating the lodestar figure, the Court subtracts the amount expended on unsuccessful unrelated claims and then multiplies the final amount by a percentage derived from the plaintiff's degree of success. *Robinson*, 560 F.3d at 244.

Here, Plaintiff's counsel, John Cole Gayle, Esq., provided an invoice which reports the expenditure of 126.5 hours on this suit. Ex. E to Pl.'s Mem., ECF No. 59-13. However, the invoice includes a large number of items which are clearly attributable, in whole or in part, to the litigation of Plaintiff's claims against Defendant Adams. These tasks appear to make up the majority of the hours Mr. Gayle asserts, but he does not clearly differentiate between the two Defendants. Thus, the Court must parse the individual line items in the invoice.

Because Bay Auto did not seriously contest the suit, and Mr. Gayle's invoice shows that the majority of his time was spent pressing and settling Plaintiff's claims against Defendant

Adams, the Court will include only the hours in Mr. Gayle's invoice which are clearly attributable to his litigation of Plaintiff's claims against Bay Auto. He expended 60.5 hours on tasks which appear to be exclusively related to litigating claims against Adams. Of the remaining 66 hours, only 32.6 are clearly attributable to Plaintiff's claims against Bay Auto. The rest (33.4 hours) are fairly attributable to both defendants, and the Court will account half of this amount toward the total for Bay Auto (*i.e.*, 16.7 hours). Thus, Mr. Gayle appears to have spent approximately 49.3 hours litigating Plaintiffs' claims against Bay Auto.

Of this time, the Court recommends that only 37.3 hours be considered reasonably expended. *Johnson* factors two and three, "the skill required to properly perform the legal services rendered" and "the novelty and difficulty of the questions raised", indicate that some of the time Mr. Gayle reports was not reasonably expended. First, Mr. Gayle spent a total of approximately 11.4 hours drafting and amending the complaints in this case. Ex. E to Pl.'s Mem., at 1-4. Of this amount, Mr. Gayle spent 2.8 hours on Plaintiff's Second Amended Complaint, which was necessary in part due to Mr. Gayle's inadvertent omissions and errors, *see* Pl.'s Mot. for Leave to File 2d Am. Compl., ECF No. 34. Accordingly, the Court recommends excluding half of the time Mr. Gayle spent on Plaintiff's Second Amended Complaint (*i.e.*, 1.4 hours). Next, Mr. Gayle reports spending a total of 3.8 hours contacting Robin Abbott, Esq., and drafting her affidavit in support of Mr. Gayle's hourly rate. Ex. E to Pl.'s Mem., at 7. Given the frequency with which such affidavits are exchanged among attorneys in Mr. Gayle's practice area, this appears excessive: the Court recommends excluding 2.3 hours from this task (leaving 1.5 hours). Mr. Gayle also reports expending 8.1 hours over three separate occasions to draft the Memorandum in Support for the instant motion. Ex. E to Pl.'s Mem., at 6-7. Given the extensive drafting time he had already devoted to Plaintiff's three complaints and briefs on Defendant

Adams's motions, this appears excessive: the Court recommends including only 4.0 hours for this task.

Additionally, Mr. Gayle reports a teleconference with Plaintiff regarding "new claim re: taxi driver and private investigator." Ex. E to Pl.'s Mem., at 5. Because this entry is so unclear, the Court recommends excluding half of the 0.3 hours expended. Finally, Mr. Gayle predicts the expenditure of 4.0 hours preparing documents to obtain fulfillment of this judgment from Virginia's Transaction Recovery Fund. Ex. E to Pl.'s Mem., at 7. This is pure speculation and the Court recommends excluding this entire amount from the award.

Ms. Abbott's affidavit addresses the reasonableness of Mr. Gayle's requested hourly rate of $390.00. Ex. F. to Pl.'s Mem., ECF No. 71-1. Ms. Abbott addresses *Johnson* factors five and twelve, "the customary fee for like work" and "attorneys' fees awards in similar cases", by pointing out that, while her customary hourly rate is $300.00, "the top consumer lawyer in Newport News charges $450.00 per hour[,]" a rate that courts have approved in the past. Ex. F, ¶¶ 7-11. Regarding factor nine, "the experience, reputation and ability of the attorney," Ms. Abbott indicates that Mr. Gayle is well-reputed and "highly qualified" in the field of consumer law. Ex. F, ¶ 10. Thus, the prevailing market rate for consumer law attorneys of Mr. Gayle's experience and reputation is somewhere between $300.00 and $450.00 per hour. Accordingly, the Court considers Mr. Gayle's asserted hourly rate of $390.00 to be reasonable.

This rate, multiplied by 37.3 hours, yields a lodestar attorney's fee figure of $14,547.00, which is more than the $11,343.00 Plaintiff has requested. There were no unsuccessful unrelated claims raised here, so there are no grounds for reducing the lodestar on that basis. Regarding Plaintiff's degree of success, the Court has not recommended as much in damages as Plaintiff seeks, but Plaintiff has prevailed on all issues on which he moved for default judgment and the

Court has recommended an award that is triple Plaintiff's actual damages. Accordingly, the Court RECOMMENDS awarding attorney's fees of $11,343.00 and costs of $475.00.

## VI. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
February 26, 2014